**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0639n.06
Filed: August 30, 2007

**No. 06-2245**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,   )
             )
  Plaintiff-Appellee,    )
             ) ON APPEAL FROM THE UNITED
v.             ) STATES DISTRICT COURT FOR THE
             ) EASTERN DISTRICT OF MICHIGAN
TROY LEE YOUNG,     )
             )
  Defendant-Appellant.   )

Before: KENNEDY and COOK, Circuit Judges; and ALDRICH, District Judge.[*]

PER CURIAM. The court, having heard oral argument and considered the parties' briefs together with the joint appendix, determines that the judgment of the district court should be affirmed. Young fails to establish that his sentence is unreasonable.

On August 23, 2006, Young's probation officer submitted an amended petition alleging that Young violated five conditions of supervised release: (1) drug use—Young tested positive for use of marijuana six times, and for use of methamphetamine twice (J.A. at 18); (2) failure to participate in a substance abuse treatment program (J.A. at 18); (3) failure to make restitution payments consistently (J.A. at 19); (4) committing indecent acts in public in violation of state law (J.A. at 21);

---

[*]The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

and (5) failure to report his arrest to the probation officer (J.A. at 21).

At the revocation hearing, Young admitted probation violations 1, 2, 3, and 5 as set forth in the probation officer's petition, but remained mute on the pending charges for indecent exposure (violation 4). (J.A. at 37.)

Young concedes that the district court considered the § 3553(a) factors of rehabilitation, punishment, deterrence, and protecting society in imposing its sentence but complains that the district court neglected to consider or comment on the characteristics of the defendant, specifically his employment and family responsibilities. The government responds that in addition to the factors that Young acknowledges the court considered, the court did indeed consider the defendant's characteristics: his original offense, lengthy criminal history, adjustment to supervision, lengthy drug history, failure to fully engage the drug treatment programs made available to him, and failure to abide by society's rules. (Gov't Br. at 12.)

As the transcript demonstrates, the court adequately considered the § 3553(a) factors relevant to a revocation of supervised release, pursuant to § 3583(e): rehabilitation (J.A. at 44); the defendant's characteristics, both favorable (J.A. at 44) and unfavorable (J.A. at 45-46); the Sentencing Guidelines (J.A. at 44-45); the nature of the prior and current charges (J.A. at 45); restitution (J.A. at 45); protecting society (J.A. at 46); deterrence (J.A. at 46); and the leniency of the original sentence (the Guidelines' minimum) (J.A. 46-47).

Though the 36-month, statutory-maximum sentence imposed significantly exceeded the policy statement range, in light of the nature of appellant's admitted violations—failure to refrain from use of alcohol or drugs and failure to properly participate in a substance-abuse program—and in view of appellant's failure to achieve adequate rehabilitation from serving his prior sentence at the low end of the Guidelines range, we cannot say that the record evidences a sentence that is either procedurally or substantively unreasonable.

Judgment affirmed.